UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID GUILDS,

    Plaintiff,

v.

ERIC RARDIN, *et al*.,[1]

    Defendants.

Case No. 25-cv-13828

Honorable Robert J. White

**OPINION AND ORDER
DISMISSING PLAINTIFF'S COMPLAINT AND DENYING ABILITY TO
PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Plaintiff David Guilds is a pretrial detainee confined at the Federal Correctional Institute in Milan, Michigan (FCI-Milan). On December 1, 2025, he filed his *pro se* Complaint against Defendants Warden Rardin, J. Osland, Dawn Barrett, and N. Kovar alleging a violation of his Eighth Amendment rights under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). While the

---

[1] The Court notes that Defendant Warden's name appears on the case caption as "Warden Rearden," however, publicly available records show that the Warden of the Federal Correctional Institution in Milan, Michigan is Eric Rardin. Accordingly, the Court will amend the case caption to reflect the correct spelling of Defendant Rardin's name.

facts are scant, it appears that Plaintiff alleges that Defendants denied him medical treatment for leg and knee pain, which he alleges violated his rights under the Americans with Disabilities Act. (ECF No. 1, PageID.8)

Having reviewed the matter and for the reasons stated herein, the Court dismisses the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I.

By proceeding IFP, Plaintiff's Complaint is subject to Prisoner Litigation Reform Act (PLRA) screening. The PLRA provides that courts should dismiss an IFP complaint before service if the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks any arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And a complaint fails to state a claim if, even when construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972), it does not include "a short and plain statement of the claim" showing entitlement to relief and "a demand for the relief sought[.]" *See* FED. R. CIV. P. 8. Bare "labels and conclusions" or "naked assertions" are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 679 (2007). Instead, the complaint must

include sufficient factual allegations to push its claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Constitutional claims against individual federal employees (such as those pled by Plaintiff) are brought pursuant to the doctrine of *Bivens*, which held that an individual may "recover money damages for any injuries . . . suffered as a result of [federal] agents' violation of" his constitutional rights." *Bivens*, 403 U.S. at 397. While *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Iqbal*, 556 U.S. at 676-677; *see also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). Thus, to avoid dismissal, a plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

## II.

Plaintiff's Complaint is subject to dismissal for two reasons.

First, as an initial matter, Plaintiff's Complaint does not set forth factual allegations indicating how each Defendant was personally involved in conduct forming the basis for his claim. Plaintiff broadly alleges that in November 2025, he was "denied medical treatment of [his] leg and knee for a week while [he] screamed in pain." (ECF No. 1, PageID.8) He further states that "the prison is violating [his] rights under the American Disabilities Act and refused to provide complaint forms

under the ADA." (*Id.*) He only generally alleges, in conclusory terms, that Defendants have violated his constitutional rights and a federal statute. It is well-established that where, as here, a plaintiff merely lists individuals in the caption of his complaint but fails to allege facts in the body of his complaint indicating each defendant's personal involvement in the violations he alleges, his complaint is subject to dismissal even under the liberal standard accorded *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights). Because Plaintiff has not alleged how each Defendant specifically violated his rights, his Complaint is subject to dismissal on this basis.

Next, to the extent Plaintiff seeks to raise a deliberate-indifference-to-his-serious-medical needs claim and an ADA violation, his claims are conclusory. Plaintiff is a federal pretrial detainee, not a convicted inmate. Thus, it appears that the Fifth Amendment's Due Process Clause, not the Eighth Amendment, would govern Plaintiff's claims regarding denial of medical care. *See Foreman v. United States*, No. 2:22-cv-10401, 2023 WL 8850085, at *5 n.5 (E.D. Mich. Nov. 2, 2023). Nevertheless, the allegations that Defendants acted with "deliberate indifference" and violated the ADA are unsupported legal conclusions which are insufficient to

state a claim for relief. While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). Because Plaintiff's Complaint is devoid of any factual allegations supporting his claims, his Complaint must be dismissed for this reason as well.

## III.

Accordingly, it is **ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED**. Because this Court concludes that an appeal from this Opinion & Order cannot be taken in good faith, it is **ORDERED** that Plaintiff is **DENIED** the ability to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**This is a final order and closes the above-captioned case.**

**SO ORDERED.**

Dated: March 18, 2026　　　　　　　　s/ Robert J. White
　　　　　　　　　　　　　　　　　　Robert J. White
　　　　　　　　　　　　　　　　　　United States District Judge

- 5 -